1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2 |   Including Professional Corporations
    DANIEL J. McQUEEN, Cal. Bar No. 217498
3 | RICHARD B. AZADA, Cal. Bar No. 306030
    333 South Hope Street, 43rd Floor
4 | Los Angeles, California  90071-1422
    Telephone:  213.620.1780
5 | Facsimile:   213.620.1398
    E mail         dmcqueen@sheppardmullin.com
6 |                razada@sheppardmullin.com

7 | Attorneys for Defendant
    SOUTHERN CALIFORNIA GAS COMPANY
8 |

9 |              UNITED STATES DISTRICT COURT

10 |           FOR THE CENTRAL DISTRICT OF CALIFORNIA

11 |

| | |
|---|---|
| LOUIS C BERREYES, individually and on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>SOUTHERN CALIFORNIA GAS COMPANY, a California Corporation, and DOES 1-50, inclusive,<br><br>            Defendants. | Case No.<br><br>**DEFENDANT SOUTHERN CALIFORNIA GAS COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 29 U.S.C. § 185 (LMRA PREEMPTION) AND 28 U.S.C. § 1441 (a) (FEDERAL QUESTION)**<br><br>Complaint Filed:  April 6, 2022<br>Trial Date:          None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Southern California Gas Company hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Bernardino to the United States District Court for the Central District of California. This Court has subject matter jurisdiction over Plaintiff's lawsuit.

As explained by the Ninth Circuit Court of Appeals in <u>Curtis et al. v. Irwin Industries, Inc.</u>, 913 F.3d 1146, 1149-1150 (2019), Plaintiff's "claim for overtime pay is preempted under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514, and [Plaintiff] worked under such an agreement." As made clear in <u>Curtis</u>, "[b]ecause [Plaintiff's] right to overtime exists solely as a result of the CBA, his claim that [Defendant] violated overtime requirements … is preempted under § 301." <u>Id.</u> at 1155 (internal citation omitted for clarity).

In addition, as set forth in California Labor Code section 512, California's statutory meal period obligations do not apply to an employee, such as Plaintiff, who worked under a qualifying collective bargaining agreement with an "electrical corporation, a gas corporation, or a local publicly owned electric utility." Cal. Lab. Code § 512(f)(4). Defendant is a gas corporation. Here, Plaintiff's meal period rights flow solely from the collective bargaining agreement that governed his employment. His meal period claim is, therefore, preempted by section 301 of the LMRA.

The United States District Court for the Southern District of California recently denied a motion for remand on these same grounds made against Sempra Energy, Defendant's parent corporation, and San Diego Gas & Electric Company,

1  another Sempra Energy subsidiary. *Radcliff v. San Diego Gas & Elec. Co.*, 519 F.
2  Supp. 3d 743, 751 (S.D. Cal. 2021); *see also Jimenez v. Young's Mkt. Co., LLC*,
3  2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021); *Sachs v. Pankow Operating,
4  Inc.*, 2022 WL 489696, at *6 (C.D. Cal. Feb. 16, 2022); *Nettles v. Paramedics
5  Logistics Operating Company, LLC*, 2022 WL 137631, at *2 (N.D. Cal. Jan. 14,
6  2022); *Armenta v. Stater Bros. Markets*, 2021 WL 1102444, at *3 (C.D. Cal. Mar.
7  23, 2021).
8       Accordingly, removal is proper based on these grounds, as set forth more
9  fully below:

## BACKGROUND

11      1.    Southern California Gas Company is a gas corporation because it owns,
12  controls, operates, and/or manages at least one gas plant for compensation within the
13  State of California. Cameron Decl., ¶ 2. See Cal. Lab. Code § 512(g) (4); Cal. Pub.
14  Util. Code § 222.
15      2.    Plaintiff began employment with Defendant on December 27, 2000, as
16  a Meter Reader. Cameron Decl., ¶ 3. Plaintiff then transitioned into the Field
17  Service Assistant position in 2007. Id. Plaintiff was terminated for cause effective
18  on or around February 9, 2021. Id.
19      3.    Since at least January 28, 2018 (i.e., four years before this lawsuit was
20  filed) through the end of his employment, Plaintiff was a member of Utility Workers
21  Union of America, Local 132. Cameron Decl., ¶ 4. As a member of this union, the
22  terms and conditions of Plaintiff's work was subject to a collective bargaining
23  agreement. Id. The latest version of the collective bargaining agreement which
24  applied to Plaintiff's employment became effective on March 1, 2012, and – due to
25  two extension agreements – remained in effect through September 31, 2021 (almost
26  8 months after Plaintiff was terminated). Id. This collective bargaining agreement
27  expressly provides for the wages, hours of work, and working conditions of
28  employees. Id. at **Exh. A**, to David Cameron Declaration e.g. pp. 96-122 (hours),

19, 22, 30-155 (working conditions), and 41-58; 156-164 (wages).  It also expressly provides for meal periods, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.  Id. at pp. 45 - 56 (overtime); 47 and 52 (meal periods); 141 – 142 (arbitration); 156 – 164 (wage rates); Appendix A.

4.   On or about April 6, 2022, Plaintiff filed a complaint pursuant to the California Labor Code Private Attorneys General Act, Labor Code sections 2698 et seq. ("PAGA") against Defendant in the Superior Court of the State of California, County of San Bernardino, Case No. CIV SB 2207291 (the "Complaint").  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

5.   The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Defendant, and "on behalf of all non-exempt employees working directly or indirectly for Defendants in the State of California … from one year prior to the filing of the PAGA notice to the conclusion of this Action as tolled by Emergency Rule 9 due to COVID-19 pandemic." (Exhibit A, ¶ 2.)  Specifically, Plaintiff brings a singular purported cause of action for civil penalties under PAGA, for alleged:  (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide lawful meal periods; (4) failure to authorize and permit rest periods; (5) failure to timely pay wages during employment; (6) failure to timely pay wages owed upon separation from employment; (7) failure to reimburse necessary expenses; (8) failure to pay reporting time wages; (9) knowing and intentional failure to comply with itemized wage statement provisions; (10) failure to provide suitable seating; and (11) failure to keep accurate records. (Exhibit A, ¶¶ 1, 5.)

6.   On May 12, 2022, counsel for Defendant informed Plaintiff's attorneys that they will accept service of Plaintiff's Summons and Complaint on behalf of Defendant by way of Notice and Acknowledgement of Receipt.  A true and correct

copy of the counsel's communication in this regard and the executed Notice and Acknowledgement of Receipt are attached hereto as **Exhibit E**.

7.  Defendant will file its answer to Plaintiff's complaint concurrently with this Notice of Removal. Pursuant to Defendant's affirmative defenses, Defendants contend Plaintiff's overtime and meal period claims are preempted by the Labor Management Relations Act. A true and correct copy of the Answer is attached hereto as **Exhibit F**.

## TIMELINESS OF REMOVAL

8.  This Notice of Removal is timely as it is being filed within 30 days of the first receipt by a defendant of a copy of an "order or other paper" (in this case, the Complaint) from which it was first ascertained the case had become removable. 28 U.S.C. § 1446(b)(3).

## LMRA PREEMPTION UNDER 29 U.S.C. § 185

9.  Plaintiff's overtime and meal period claims are completely preempted by 29 U.S.C. § 185 (i.e., § 301 of the LMRA) and, thus, this case may be removed pursuant to 28 U.S.C. § 1441(a). See Curtis, 913 F.3d at 1152 ("Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court.") (internal citation omitted for clarity).

10. Plaintiff alleges Defendants failed to pay overtime wages as follows: "During all relevant periods, Defendant had a uniform policy of requiring Plaintiff and the Aggrieved Employees to work in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at the rate of one and one-half (1.5) times their regular rate of pay. Upon information and belief, Defendants also failed to properly compensate Plaintiff and the

Aggrieved Employees for hours worked in excess of twelve (12) hours in one (1) day, or eight (8) hours on the seventh (7th) day of a workweek." (Complaint at ¶ 65.) It further alleges, "At all times relevant, Plaintiff and Aggrieved Employees consistently worked hours for which they were not paid because Plaintiff and the Aggrieved Employees were required to work off the clock – some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate …. Plaintiff is informed and believes that Defendants were aware that Plaintiff and the Aggrieved Employees were working off the clock and that they should have been paid for this time …. In addition, upon information and belief, Defendants failed to incorporate all forms of compensation, including without limitation bonuses, gift cards, differentials, and incentives, into their regular rate for overtime purposes. On information and belief, these bonuses (in the form of gift cards) were not factored into the regular rate of pay as required by law." (Complaint at ¶ 67-69)

11. Plaintiff alleges Defendant failed to provide lawful meal periods because "Plaintiff and the Aggrieved employees were often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts …. In addition, Plaintiff and, upon information and belief, the Aggrieved Employees were required to carry work-related iPhones or other communication devices during meal and rest periods, and were required to remain available. Meal and rest periods were frequently interrupted as a consequence …. Moreover, as a matter of policy and practice, upon information and belief, the Aggrieved Employees were also not provided second meal periods on days when shifts exceeded ten hours (and twelve hours), nor were they provided premium wages in lieu of a second meal period. On information and belief, Plaintiff and the Aggrieved Employees did not waive their rights to a second meal period on shifts in excess of ten hours." (Complaint at ¶ 74-77.)

12. Pursuant to California Labor Code sections 512(e)-(f) and 514, <u>Curtis</u>, and 29 U.S.C. §185, Plaintiff's overtime and meal period claims are controlled by the collective bargaining agreement that was in effect during the alleged PAGA period (January 28, 2021 to present; *see* ¶ 2 of Complaint; Ex. A to Plaintiff's Complaint). Thus, 29 U.S.C. §185, a federal law, applies and the claims are preempted. <u>See</u>, <u>generally</u>, 29 U.S.C. § 185(a) ("Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."). Accordingly, this Court has original jurisdiction over the overtime and meal period claims in this action.

## **SUPPLEMENTAL JURISDICTION**

13. Under 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's remaining state law causes of action, most of which are predicated on and related to Plaintiff's claims for alleged failure to pay overtime and failure to provide meal periods, which are preempted pursuant to 29 U.S.C. § 185, and generally matters that are in the scope of the Collective Bargaining Agreement. <u>See</u>, <u>e.g.</u>, Exhibit A, Complaint at ¶¶ 63-125; 134-135). Plaintiff's state law causes of action are so related to the federal claim, so as to form part of the same case or controversy under Article III of the United States Constitution. As such, supplemental jurisdiction is appropriate.

## **VENUE**

14. Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(b). This action originally was brought in the Superior Court of the State of California, County of San Bernardino.

# NOTICE OF REMOVAL

15. This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino.

16. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" from the state court action served on Defendant or filed by Defendants are attached hereto as the following exhibits, including: the Complaint (Exhibit A), summons (Exhibit B), and civil case cover sheet (Exhibit C), the Initial Case Management Order assigning the action to the Honorable David Cohn (Exhibit D), the Notice and Acknowledgement of Receipt of the Summons and Complaint (Exhibit E), and Defendants' Answer to the Complaint (Exhibit F).

WHEREFORE, Defendant requests that the above action pending before the Superior Court of the State of California for the County of San Bernardino be removed to the United States District Court for the Central District of California.

Dated: May 31, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
DANIEL J. McQUEEN
RICHARD B. AZADA

Attorneys for Defendant
SOUTHERN CALIFORNIA GAS COMPANY

Case 2:22-cv-03707-SSS-KS   Document 1   Filed 05/31/22   Page 9 of 9   Page ID #:9

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On **May 31, 2022**, I served true copies of the following document(s) described as **DEFENDANT SOUTHERN CALIFORNIA GAS COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 29 U.S.C. § 185 (LMRA PREEMPTION) AND 28 U.S.C. § 1441 (a) (FEDERAL QUESTION)** on the interested parties in this action as follows:

| | |
|---|---|
| James R. Hawkins, Esq.<br>Christina M. Lucio, Esq.<br>JAMES HAWKINS APLC<br>9880 Research Drive, Suite 200<br>Irvine, California 92618<br>Telephone: (949) 387-7200<br>Facsimile: (949) 387-6676<br>Email: James@Jameshawkinsaplc.com<br>         Christina@Jameshawkinsaplc.com<br>         Jocelyn@jameshawkinsaplc.com | Attorneys for Plaintiff LOUIS C BERREYES |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address jgonzalez@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **May 31, 2022**, at Los Angeles, California.

*(signature)*

**MARY JOANNE GONZALEZ**

SMRH:4882-6219-2160.1   DEFENDANT SOUTHERN CALIFORNIA GAS COMPANY'S NOTICE OF REMOVAL OF ACTION